**PHILLIPS DAYES**
NATIONAL EMPLOYMENT LAW FIRM
*A Professional Corporation*

3101 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
Telephone: 1-800-JOB-LAWS
docket@phillipsdayeslaw.com
TREY DAYES, No. 020805
SEAN DAVIS, No. 030754
(602) 288-1610 ext. 301
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| James Clifton; Alejandro Cruz; Michele Cruz; Richard Garza; Michael Reynolds; Troy Schwing<br><br>Plaintiffs,<br><br>vs.<br><br>Michelangelo Leasing, Inc., an Arizona Corporation, doing business as Divine Transportation, an Arizona registered tradename; Eugene Bronson and Theresa Mauro, husband and wife<br>Defendant | Case No.: _____<br><br>**COMPLAINT** |

Plaintiffs for their Complaint against Defendant, allege as follows:

**NATURE OF THE CASE**

1. The Fair Labor Standards Act is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

2. Employers must compensate employees for all work that employers permit employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

3. Plaintiffs bring this action against Defendant for unlawful failure to pay minimum wage in direct violation of the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et seq.* and the Arizona Minimum Wage Act, A.R.S. § 23-362, *et seq*.

4. Arizona law protects employees from employers seeking to pay less than minimum wage.

5. Under Arizona law, employers are required to pay minimum wages, currently set by the State at a rate of $8.05 per hour.

6. An employer who fails to properly pay minimum wages to an employee is liable to the employee in the amount of the wages owed, interest on the unpaid wages, and as damages "an additional amount equal to twice the underpaid wages." A.R.S. § 23-364(G).

7. The Fair Labor Standards Act (FLSA) is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage pay requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

8. Employers must compensate employees for all work that employers permit employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

9. Defendant had a consistent policy and practice of paying its employees less than the minimum wage.

10. Plaintiffs seeks to recover minimum wage, and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

11. This Court have jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

12. The Court also has supplemental jurisdiction over the state law claims.

13. Venue is proper under 28 U.S.C. § 1391(b) because Defendant reside within the State in which this District Court is located and because a substantial part of the events or omissions giving rise to this matter occurred in this District.

14. The named Defendant, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona,

as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

**PARTIES**

15. Plaintiffs James Clifton, Michael Reynolds, and Troy Schwing are residents of Maricopa County, Arizona.

16. Plaintiffs Alejandro Cruz and Michele Cruz are residents of El Cajon, California but worked for Defendants in Arizona.

17. Plaintiff Garza is a resident of Las Vegas, Nevada but worked for Defendants in Arizona.

18. At all times material hereto, Michelangelo Leasing, Inc. was incorporated in the state of Arizona with its principal place of business in Maricopa County.

19. Divine Transportation is an Arizona Registered Tradename registered with the Arizona Secretary of State and wholly owned by Michelangelo Leasing, Inc.

20. Upon information and belief, at all times material hereto, Defendant Eugene Bronson, was and continues to be a resident of Maricopa County, Arizona.

21. Theresa Mauro is Eugene Bronson's wife.  Eugene Bronson and Theresa Mauro have caused events to take place giving rise to this Complaint as to which their marital community is fully liable.

22. Upon information and belief, and consistent with the information available from the Arizona Corporation Commission, Defendants Eugene Bronson and Theresa Mauro were and are the owners of Michelangelo Leasing, Inc.

23. At all relevant times, Plaintiff was an "employee" of Defendants, as defined by 29 U.S.C. § 203(e)(1).

24. The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendants.

25. At all relevant times, each of the Defendants was and continues to be an "employer" as defined in 29 U.S.C. § 203(d).

26. At all relevant times, Plaintiffs was an "employee" of Defendant, as defined by A.R.S. §§ 23-350 or 23-362(A) (Version 2).

27. At all relevant times, Defendant was and continues to be an "employer" as defined in A.R.S. §§ 23-350 or 23-362(B) (Version 2).

28. Each of the Defendants should be deemed an "employer" for purposes of the FLSA including, without limitation, 29 U.S.C. § 216.

29. Defendant Eugene Bronson is deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C. §216.

30. Defendant Theresa Mauro is deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C. §216.

31. All Defendants are co-equally liable for all matters.

32. Defendant Eugene Bronson made all decisions on the daily activities of his employees.

33. Defendant Eugene Bronson makes all decisions regarding pay policies for Michelangelo Leasing, Inc.

34. Defendant Theresa Mauro made all decisions on the daily activities of his employees.

35. Defendant Theresa Mauro makes all decisions regarding pay policies for Michelangelo Leasing, Inc.

36. Defendant Eugene Bronson exerted financial control over Michelangelo Leasing, Inc.

37. Defendant Eugene Bronson exerted operative control over Michelangelo Leasing, Inc.

38. Defendant Theresa Mauro exerted financial control over Michelangelo Leasing, Inc.

39. Defendant Theresa Mauro exerted operative control over Michelangelo Leasing, Inc.

40. Defendant Eugene Bronson has the power to close Michelangelo Leasing, Inc.

41. Defendant Theresa Mauro has the power to close Michelangelo Leasing, Inc.

42. Defendant Eugene Bronson has the power to hire and fire employees.

43. Defendant Theresa Mauro has the power to hire and fire employees.

44. Defendant Eugene Bronson hired managerial employees.

45. Defendant Theresa Mauro hired managerial employees.

46. On information and belief, Defendant Eugene Bronson maintained employment records.

47. On information and belief, Defendant Theresa Mauro maintained employment records.

48. On information and belief, Defendant Eugene Bronson dictated the corporate message in pending labor investigations.

49. On information and belief, Defendant Theresa Mauro dictated the corporate message in pending labor investigations.

50. Defendant Eugene Bronson profited from the FLSA violations detailed in this complaint.

51. Defendant Theresa Mauro profited from the FLSA violations detailed in this complaint.

52. At all times material to this action, each of the Defendants was and continues to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

53. As tour bus drivers, Plaintiffs consistently traveled in interstate commerce.

54. Plaintiff engaged in commerce or in the production of goods for commerce and is therefore individually covered under the FLSA pursuant to 29 U.S.C. §§206(a), 207(a)(1), 212(c).

55. On information and belief, at all relevant times, the annual gross revenue of Defendants exceeded, and continues to exceed, $500,000.00.

**FACTUAL BACKGROUND**

56. Michelangelo Leasing, Inc. operates Divine Transportation which is a full service luxury motor coach charter service which offers clientele the use of buses for regional tours in the Southwest.

57. Divine Transportation also provides shuttle and charter services.

58. All Plaintiffs were hired as bus drivers.

59. Defendants hired Plaintiff Clifton in March of 2015.

60. Defendants hired Plaintiff Alejandro Cruz in March of 2015.

61. Defendants. hired Plaintiff Michele Cruz in March of 2015.

62. Defendants hired Plaintiff Garza in February of 2015.

63. Defendants hired Plaintiff Reynolds in February of 2014.

64. Defendants hired Plaintiff Schwing in September of 2010.

65. Each Plaintiff was paid an hourly rate of $15 per hour if they were driving locally.

66. If Plaintiffs were driving on tours that were not local, Plaintiffs would be paid a daily salary ranging from $50 to $150 per day.

67. Plaintiffs were non-exempt employees.

68. Plaintiffs had no supervision or management responsibilities.

69. Plaintiffs could neither hire nor fire employees.

70. Plaintiffs had no authority to exercise significant independent judgment on issues that affect the whole company when carrying out their job responsibilities.

71. Defendant managed, supervised, and directed all aspects of Plaintiffs' job duties and responsibilities.

72. Plaintiffs' primary duties were not the performance of work directly related to the management or general business operations of Michelangelo Leasing, Inc. or its' customers.

73. Plaintiffs' primary duty was not the performance of work requiring advanced knowledge in a field of science or learning that was acquired by a prolonged course of specialized intellectual instruction.

74. Plaintiffs did not perform work requiring advanced knowledge.

75. Plaintiffs' primary duties were not managing Defendant's enterprise or managing a department of subdivision of Defendant's enterprise.

76. Plaintiffs would average approximately 70-100 hours of work per week.

77. For example, for the two week period of January 31 through February 13, 2015, Plaintiff Reynolds was scheduled to drive a regional tour and also perform charter services in Prescott. Plaintiff Reynolds worked 140.92 hours during this two week period and was only paid $977.50.

78. As further example, for the for the two week period of February 14 through February 27, 2015, Plaintiff Reynolds was scheduled to drive regional tours. Plaintiff Reynolds worked 194.63 hours during this two week period and was only paid $1,157.50.

79. As further example, for the two week period of November 8 through November 21, 2014, Plaintiff Reynolds was scheduled to drive regional tours and also perform charter services in Maricopa County. Plaintiff Reynolds worked 269.97 hours during this two week period and was only paid $1,138.75.

80. The preceding paragraphs are just examples. Defendants' policy was to force Plaintiffs to work 18-20 hours per day while out on tour and only pay them a daily salary which meant that their pay was far below the minimum wage.

81. This occurred to each and every Plaintiff every week in which they were in the employ of Defendants and were scheduled to drive on tours.

82. The wages paid by Defendant failed to meet or exceed the minimum wage required by either the FLSA or by Arizona's Minimum Wage Act, A.R.S. § 23-362, *et seq*.

83. Plaintiffs have retained the law firm of Phillips Dayes National Employment Law Firm to prosecute their claims against Defendant on their behalf and have agreed to pay reasonable costs and attorney's fees in the prosecution of this matter.

**COUNT ONE**
**MINIMUM WAGE VIOLATION—29 U.S.C. § 206**

84. Plaintiffs incorporate and adopt the preceding paragraphs as if fully set forth herein.

85. Pursuant to 29 U.S.C. § 206, Defendant were required to pay Plaintiffs at least the amount of the federal minimum wage, when those wages were due, for each hour Plaintiffs worked.

86. Defendant willfully failed and refused to pay Plaintiffs at least the amount of the federal minimum wage when those wages were due.

87. Plaintiffs are entitled to collect the difference between the wages they received and the wages due, over the past three years, in an amount to be proved at trial, in addition to liquidated damages in the same amount, together with costs, disbursements, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 216(b).

88. Plaintiffs have been required to bring this action to recover their federal minimum wages remaining due and unpaid, and their statutory liquidated damages, and

as the direct and foreseeable result of Defendant's conduct, Plaintiffs have incurred costs and attorneys' fees.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor and against Defendant:

> a. Awarding Plaintiffs compensation in the amount due for unpaid minimum wages in an amount proved at trial;
>
> b. Awarding Plaintiffs liquidated damages in an amount equal to the award;
>
> c. Awarding Plaintiffs reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);
>
> d. Awarding Plaintiffs pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;
>
> e. Awarding Plaintiffs post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and
>
> f. For such other and further relief as the Court deems just and proper.

## COUNT TWO
## MINIMUM WAGE VIOLATION—A.R.S §§ 23-363, -364

89. Plaintiffs incorporate and adopt the preceding paragraphs as if fully set forth herein.

90. Pursuant to A.R.S. § 23-363, Defendant were required to pay at least the amount of the Arizona minimum wage, when those wages were due, for each hour Plaintiffs worked.

91. Defendant willfully failed and refused to pay Plaintiffs at least the amount of the Arizona minimum wage when those wages were due.

92. Plaintiffs are entitled to collect the difference between the wages they received and the wages due, over the past two years, in an amount to be proved at trial, together with an additional amount equal to twice the underpaid wages, plus, without limitation, interest, costs, and attorney fees pursuant to A.R.S. § 23-364(G).

93. Plaintiffs have been required to bring this action to recover their Arizona minimum wages remaining due and unpaid, and their statutory damages, and as the direct and foreseeable result of Defendant's conduct, Plaintiffs have incurred costs and attorneys' fees.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor, and against Defendant:

   a. Awarding Plaintiffs compensation in the amount due for unpaid minimum wages in an amount to be proved at trial;
   b. Awarding Plaintiffs an additional amount equal to twice the underpaid wages;
   c. Awarding Plaintiffs reasonable attorneys' fees, costs, and expenses of litigation pursuant to A.R.S. § 23-364(G);

d.  Awarding Plaintiffs pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (A) and (B) above from the date of the payment due for that pay period until paid in full;

e.  Awarding Plaintiffs post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

f.  For such other and further relief as the Court deems just and proper.

## COUNT THREE
## DECLARATORY JUDGMENT

94.  Plaintiffs incorporate and adopt the preceding paragraphs as if fully set forth herein.

95.  Plaintiffs and Defendant have a minimum wage dispute pending.

96.  The Court have jurisdiction to hear Plaintiffs' request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02 and the Uniform Declaratory Judgments Act, A.R.S. § 12-1831.

97.  Plaintiffs are entitled to declarations, and requests that the Court make declarations as to the following matters and as to other matters deemed appropriate by the Court:

a.  Defendant employed Plaintiffs.

b.  Defendant is engaged in an enterprise covered by the wage provisions of A.R.S. § 23-355.

c.  Plaintiffs, individually, are covered by the wage provisions of A.R.S. § 23-355.

d. Plaintiffs earned wages for which they were entitled to payment from Defendant.

e. Defendant failed and refused to provide payment to Plaintiffs of the wages due at the time those wages became due.

f. Defendant has no good-faith basis for their failures and refusals to make the payments of wages to Plaintiffs when those wage payments became due.

g. Plaintiffs are entitled to wages at a rate equal to or exceeding the Arizona minimum wage rate pursuant to A.R.S. § 23-363.

h. Defendant's failure or refusal to pay minimum wages at the required rates was willful.

i. Plaintiffs are entitled to an additional amount of damages under the Arizona Minimum Wage Act equal to twice the amount of minimum wages not paid by Defendant to Plaintiffs.

j. Defendants are engaged in an enterprise covered by the minimum wage provisions of the FLSA.

k. Plaintiffs individually are covered by the minimum wage provisions of the FLSA.

l. Plaintiffs are entitled to his minimum wage pursuant to 29 U.S.C. § 206.

m. Plaintiffs are entitled to wages at a rate equal to or exceeding the federal minimum wage rate pursuant to 29 U.S.C. § 206.

n. Plaintiffs are entitled to wages at a rate equal to or exceeding the Arizona minimum wage rate pursuant to A.R.S. § 23-363.

      o. Defendant's failure or refusal to pay the minimum wages at the required rates was willful.

      p. Plaintiffs are entitled to an amount as liquidated damages under the FLSA.

      q. Defendants did not rely on any good faith defense in their failure to abide by the provisions of the FLSA and the Arizona Minimum Wage Act in their failures to pay and minimum wages at the required rates.

98. It is in the public interest to have these declarations of rights recorded as Plaintiffs' declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

99. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor against Defendant:

      a. Declaring, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, that the acts and practices complained of herein are in violation of the overtime and wage provisions of the FLSA and the Arizona wage laws;

      b. Awarding Plaintiffs their reasonable attorney's fees and the costs and expenses of the litigation pursuant to the FLSA and the Arizona wage laws; and

      c. For such other and further relief as the Court deems just and proper

1    Dated: September 16, 2015

2                                    Respectfully submitted,

3                                    **PHILLIPS DAYES NATIONAL EMPLOYMENT LAW FIRM PC**

4

5                                    By: /s/ Trey Dayes
                                         Trey Dayes
6                                        Attorney for Plaintiffs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25